Commonwealth v. Lauria, Appellant.

Argued November 10, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*Wendell G. Freeland,* with him *Lichtenstein and Bartiromo,* for appellant.

*Robert L. Campbell,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 30, 1972:
The six judges who heard this appeal being equally divided, the judgment of sentence is affirmed.

———

DISSENTING OPINION BY CERCONE, J.:
I respectfully dissent.
James Lauria has appealed from his conviction and sentence, after trial by jury, on charges of operating a lottery and conspiracy to do an unlawful act. He contends, inter alia, that the trial constituted double jeopardy in violation of his constitutional rights in that his prior trial on those charges had been improperly terminated by the trial judge, who, presiding without a jury, *sua sponte* declared a mistrial. The trial judge's reasons for declaring a mistrial were that he had heard "a great amount of evidence that would not be admissible, including the fact of a prior criminal record and additionally the Court finds there is a conflict of interest in the representation of both of the defendants by a single attorney." At the time the court declared a mistrial, it had before it defendant's demurrer to the Commonwealth's evidence.

Defendant contends the declaration of mistrial was not mandated by any "manifest necessity", the standard first adopted in *United States v. Perez,* 22 U.S.

579 (1824) and followed in the recent case of *United States v. Jorn*, 400 U.S. 470 (1971). I find it unnecessary to determine that issue, however, for I view the court's action in declaring a mistrial on its own motion in the first trial of February 1970, to be in violation of Rule 1118 of the Pennsylvania Rules of Criminal Procedure, effective August 1, 1968, which rule provides that: "In all cases only the defendant or the attorney for the defendant may move for mistrial." I interpret this rule to exclude not only a motion by the Commonwealth but a grant of a mistrial by the court on its own motion.

The obvious purpose of this rule is to make defendant sole judge as to whether the trial is to be interrupted and defendant subjected to retrial, and I therefore interpret it to exclude not only a motion by the Commonwealth, but also a declaration of mistrial by the court on its own motion. In fact, there is more reason to exclude the court's voluntary, unrequested interruption of criminal trial proceedings than there is to exclude a mistrial declared on motion of the Commonwealth based on error alleged to be prejudicial to the proper presentation of its case.

Whether this court approves or disapproves of the rule itself, it should be interpreted reasonably in accord with its purpose and its language: "In *all* cases *only* the defendant or the attorney for the defendant may move for mistrial." Since it is my decision that this rule excludes the court's declaration of a mistrial on its own motion, I would agree with appellant's contention that his second trial constituted double jeopardy in violation of his constitutional rights and therefore the sentence imposed after conviction at that trial should be vacated.

I would reverse the judgment of sentence.