Commonwealth *v.* Lauria, Appellant.

Argued October 2, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Wendell G. Freeland,* with him *Lichtenstein & Bartiromo,* for appellant.

*Robert L. Campbell,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, December 19, 1972:

Appellant, together with a co-defendant, was charged with operating a lottery and conspiracy to do an unlawful act. Appellant and his alleged co-conspirator waived trial by jury and came to trial before a judge on February 17, 1970. At the conclusion of the Commonwealth's case in chief, counsel for the two Defendants demurred to the Commonwealth's evidence as it applied to appellant. At that point, a colloquy among the court, the assistant district attorney and defense counsel ensued as to what evidence in the Commonwealth's case in chief was admissible against appel-

lant and what was excludable as hearsay. The colloquy concluded with the trial court declaring a mistrial, sua sponte, on the basis that "the Court has certainly heard a great amount of evidence that would not be admissible, including the fact of a prior criminal record and additionally the Court finds there is a conflict of interest in the representation of both of the defendants by a single attorney." Thereafter, the case again came to trial, this time before another judge and a jury. Appellant was found guilty of both charges and was sentenced subsequent to dismissal of his post-trial motions. An appeal to the Superior Court resulted in affirmances of the judgments of sentence by an equally divided Superior Court, with one member of that Court filing a dissenting opinion. *Commonwealth v. Lauria*, 221 Pa. Superior Ct. 179, 289 A. 2d 246 (1972). We granted allocatur and we reverse.

Appellant argues that the sua sponte declaration of a mistrial in the first trial constituted a violation of Pennsylvania Rule of Criminal Procedure 1118(b) and that, in any event, the second trial constituted double jeopardy, since there was no manifest necessity for the sua sponte declaration of a mistrial in the first trial. Appellant also raises questions concerning a conflict of interest on the part of trial defense counsel, the sufficiency of the evidence and whether the conspiracy charge should merge into the charge of operating a lottery. Since we conclude that the sua sponte declaration of a mistrial by the trial court was in violation of the Rules of Criminal Procedure and the second trial, therefore, constituted double jeopardy, we need not consider any of the other allegations of error.

Rule 1118(b) of the Pennsylvania Rules of Criminal Procedure states: "(b) A motion to declare a mistrial shall be made when the prejudicial event is disclosed. In all cases only the defendant or the attorney for the defendant may move for a mistrial."

We are in agreement with the writer of the dissent in the Superior Court that the rule excludes "not only a motion by the Commonwealth but a grant of a mistrial by the court on its own motion."

In *Commonwealth v. Ferguson,* 446 Pa. 24, 285 A. 2d 189 (1971), we discussed the standard of "manifest necessity" in the declaration of mistrials. We there quoted the language of the United States Supreme Court in *United States v. Jorn,* 400 U.S. 470 (1971), that: ". . . in the final analysis, the judge must always temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate."

We held in *Ferguson* that the circumstances which induced the grant of the mistrial were insufficient to show manifest necessity and arrested the judgment. It was necessary in *Ferguson* to examine the circumstances which led up to the declaration of a mistrial because the trial of that case ante-dated the promulgation of Rule 1118 of the Rules of Criminal Procedure. That rule was adopted by this Court on January 24, 1968, and became effective August 1, 1968, more than one and one-half years before the first trial of appellant. The language of the rule is clear, and its obvious intendment is, inter alia, to remove from trial judges the power to declare mistrials sua sponte.

The order of the Superior Court is reversed, the judgments are arrested and appellant discharged.

Mr. Justice EAGEN and Mr. Justice MANDERINO concur in the result.

———

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

The majority correctly concludes that Pa. R. Crim. P. 1118(b) was violated by the trial court's sua sponte declaration of a mistrial without appellant's consent.

The majority seems also to correctly assume that the mistrial was declared without "manifest necessity". *United States v. Jorn,* 400 U.S. 470, 487, 91 S. Ct. 547, 558 (1971); *Commonwealth v. Shaffer,* 447 Pa. 91, 101, 288 A. 2d 727, 733 (1972) (dissents on other grounds).

The majority opinion is, however, somewhat ambiguous as to whether it is the failure of the trial court to comply with Rule 1118(a) or the absence of a "manifest necessity" which precludes a second trial. In my view the second trial is prohibited on either ground.

The trial court during the course of the trial felt compelled to declare a mistrial in part because of counsel's apparent conflict of interest in representing two defendants. It might perhaps be helpful to direct attention to the ABA Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge, §3.4(b) (Approved Draft, 1972), which provides: "Whenever two or more defendants who have been jointly charged, or whose cases have been consolidated, are represented by the same attorney, *the trial judge should inquire into potential conflicts which may jeopardize the right of each defendant to the fidelity of his counsel.*" (Emphasis supplied.)

The commentary to Section 3.4(b) suggests that the trial court should determine *prior* to trial whether joint representation by the same attorney created a potential conflict of interest. The commentary offers these guidelines: "A waiver of the right to separate representation should not be accepted by the court *unless the defendants have each been fully informed of the probable hazards; and the voluntary character of their waiver is apparent.*" (Emphasis supplied.) See also ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function, The Defense Function, §3.5(b) (Approved Draft, 1971).

Mr. Justice NIX joins in this concurring opinion.

DISSENTING OPINION BY MR. CHIEF JUSTICE JONES:

While I am fully cognizant of the language contained in Rule 1118(b) of the Pennsylvania Rules of Criminal Procedure, I must dissent from the majority view in this matter.

Rule 1118(b) provides that: "In all cases *only* the defendant or the attorney for the defendant may *move* for a mistrial." (Emphasis added.) The Rule itself refers in its title to "Motion to Declare a Mistrial." In my view, the Rule was never intended to restrict judges in the declaration by them, sua sponte, of a mistrial. The Rule refers only to "motions"; "motions" in the context of the Rule are made by parties or counsel and not by the court whose function it is to pass upon "motions".

It is my belief that this Rule does not and should not deprive a judge of his inherent power under appropriate circumstances and in the interest of justice to declare a mistrial. A review of the instant record reveals that the judge, *in order to protect the right of this defendant to a fair and impartial trier of fact,* very properly declared a mistrial. The majority view reverses the action of a judge who was protecting the defendant's right in the finest judicial tradition.

I dissent.

Mr. Justice POMEROY joins in this dissenting opinion.