## Commonwealth v. Wilson

*Stephen J. Mathes,* Assistant District Attorney, for Commonwealth.

*Bruce Sagel, Esq.,* Assistant Defender, for defendant.

PORTER, J., February 4, 1974.—Wilson was arraigned and brought to trial in the Municipal Court of Philadelphia before a judge of that court on charges of "Criminal Attempt 901, M-1; Theft 3921; and Possession of Instrument of Crime."

No objection to jurisdiction, arraignment or the subsequent trial proceedings was entered by the defense.

Upon conclusion of the police testimony and virtually at the end of the Commonwealth's case in chief,[1]

---

[1] The remainder of the proceedings consisted solely of the

the trial judge realized that the criminal attempt charged was one to steal an automobile and, therefore, not within the jurisdiction of the Municipal Court or his personal competence as a judge commissioned solely to that court. Act of October 17, 1969, P. L. 259, as amended, 17 PS §711.18.

The trial judge, over objection by defense counsel and despite his specific reference to problems of double jeopardy, then conducted the balance of the proceedings as a "preliminary hearing" and held defendant for the grand jury as to all charges upon which the trial originally had commenced.

Subsequently, indictments were returned, defendant was brought before me for trial in the court of common pleas and double jeopardy was raised by the defense.[2]

Double jeopardy under the fifth amendment to the United States Constitution, applicable to the States under the fourteenth amendment and Benton v. Maryland, 395 U.S. 794 (1969), is a multi-faceted concept. E.g., Hall, Kamisar, LaFave and Israel, Modern Criminal Procedure, 1207-1241 (1969).

I am concerned here only with the application of that concept where jeopardy has attached and the trial has been aborted in the face of defendant's objection and without defendant's fault.

In nonjury trials, jeopardy attaches when defendant has been arraigned and the first witness has been sworn and has begun to testify: Ashe v. Swenson, 397

---

formality of testimony by the property's bailee that he was such and had not granted defendant permission to meddle with or take the property.

[2] Double jeopardy was raised before, not after, the second arraignment, but this was immaterial, since the Commonwealth made clear its intention to proceed as to the charges and the defense made equally clear its intention so to oppose them if defendant were required to plead.

U.S. 436 (1970); U.S. v. Lawson, 334 F. Supp. 612 (E.D. Pa., 1971); Commonwealth v. Lauria, 450 Pa. 72 (1972); Hall, Kamisar, LaFave and Israel, supra, at 1218. Therefore, jeopardy attached here.

The United States Supreme Court and the Supreme Court of Pennsylvania have emphasized in situations involving mistrial[3] and subsequent retrial, not caused by defendant or assented to by him, that there must be an affirmative showing of "manifest necessity" for the conduct of the trial judge in aborting the first trial: E.g., United States v. Jorn, 400 U.S. 470 (1971); Downum v. United States, 372 U.S. 734 (1965); Commonwealth v. Shaffer, 447 Pa. 91 (1972); Commonwealth v. Ferguson, 446 Pa. 24 (1971).

Prior to Illinois v. Somerville, infra, the "manifest necessity" which might override a defendant's insistence upon trial and objection to mistrial was not recognized where the difficulty at trial arose from the neglect or other fault of the prosecution or overreaction of the trial judge: Commonwealth v. Shaffer, supra. Compare Gori v. United States, 367 U.S. 364 (1961), overruled sub silentio in Downum v. United States, supra.

Thus, see, e.g., these mistrial situations in which double jeopardy was enforced after initial mistrial: United States v. Jorn, supra, possible self-incrimination by and disruptive excusal of a prosecution witness; Downum v. United States, supra, failure to produce prosecution witnesses; Commonwealth v. Shaffer, supra, overzealous reaction of trial judge in favor of State and Commonwealth v. Ferguson, supra, failure to produce prosecution witness allegedly ill.

Prior to Somerville, infra, the rationale generally

---

[3] The conversion of this *trial*, commenced and well under way, into a "preliminary hearing" was tantamount to a mistrial.

advanced in support of defendant's right to oppose conclusion of the trial by judicial declaration of mistrial was that defendant, having commenced trial, had the right, absent overriding manifest necessity, to dictate that his trial be concluded before the tribunal before which it began.

Here, this objective obviously was impossible. The proceedings jurisdictionally were in the wrong court and before a judge who could not preside. At best, the trial judge could have attempted to retrieve the situation thrust upon him by the Commonwealth's incompetence by severing and trying the lesser offenses then and there. Cf. Commonwealth v. Ferguson, supra, at page 29. However, I am dubious that such action would have been sustained in the circumstances.

In short, the trial judge had no viable alternative as to procedures properly to protect the Commonwealth's interests in the situation and the question is whether his ensuing actions can be sustained or led to double jeopardy.

But for the decision in Illinois v. Somerville, infra, I would think this to be a case of double jeopardy. The judicial action below was undertaken solely to protect the Commonwealth from the impact of its own negligence as it surfaced well-on in the course of an actual trial. Prosecutorial negligence as to jurisdiction certainly is not less gross than that as to its failure to procure witnesses. This was a trial breakdown stemming solely from prosecutorial neglect. Cf. Downum, Jorn and Ferguson, supra.

Here, defendant may not have had the statutory right to be tried before the tribunal actually convened, but he did have, absent meritorious circumstances not present, the overriding right to be tried before a court having jurisdiction.

The mistrial application of the double jeopardy clause, as construed heretofore, mandated that no defendant was to be subjected to the wear, torment, loss of witnesses or other prejudice, inter alia, of successive prosecutions undertaken to protect the interests of an incompetent or malevolent prosecutor.

However, in the recent case of Illinois v. Somerville, 93 S. Ct. 1066 (1973), 13 Crim. L. 4136-37, the United States Supreme Court found no double jeopardy where a jury was empaneled, but before testimony[4] was received, it was discovered that the indictment was incurably defective, mistrial was declared and a second trial was held.

The court relied not upon Jorn, Downum and other recent decisions, but rather upon the authority of cases decided between 1824 and 1916 which granted a wider discretion to trial courts to declare mistrials without the onus of double jeopardy. Jorn and Downum were given short shrift and distinguished upon narrow grounds opposed by Justices White, Douglas and Brennan in opinion. Mr. Justice Douglas wrote the opinion in Downum.

Without lengthy quotation, it is clear to me from Somerville that the Supreme Court, under this rationale, would similarly dispose of the double jeopardy objection attempted here on the basis of a Commonwealth error, however gross, preliminary to trial.

Therefore, I must conclude that despite the attachment of jeopardy in the Municipal Court, Wilson's common pleas court trial on the same charges will not involve double jeopardy.

---

[4] In jury trials, jeopardy attaches when the jury is empaneled and sworn: Illinois v. Somerville, supra; Downum v. United States, supra.

## ORDER

Now, February 4, 1974, it is ordered and decreed as follows:

1. Defendant's motion is denied.

2. Trial of defendant on indictments 1348-49, November Term, 1973, is to proceed at once.