Joseph Stone, J.
The defendant is charged with violating section 230.05 of the Penal Law, “ patronizing a prostitute.” Upon the trial, Police Officer Barbara Eanniello testified that she was assigned to a decoy unit which enforced the laws against patronizing prostitutes. She further testified that she was on duty, in civilian dress, in the vicinity of Eighth Avenue and West 47th Street in New York County, when, at about 8:45 a.m., *342 she was approached by the defendant. He engaged her in conversation and solicited her to commit an act of sexual intercourse with him. When the question of price arose, the officer, in response to the defendant asking how much, suggested $15 and the defendant said ‘ ‘ okay. ’ ’ The defendant did not testify, nor did he present any other evidence.
The defendant argues that the complaint and the trial testimony fail to allege any crime in that section 230.05 of the Penal Law is only applicable where the person solicited is actually a prostitute. Furthermore, he argues that: (1) the People have failed to prove his guilt beyond a reasonable doubt since the complainant must be deemed an accomplice at law and the People failed to present any corroboration of her testimony; and (2) he was entrapped into committing the offense.
Section 230.05 of the Penal Law “ patronizing a prostitute ”, in its pertinent parts, provides: “ A person is guilty of patronizing a prostitute when * * * (2) He pays or agrees to pay a fee to another person pursuant to an understanding that in return therefor such person or a third person will engage in sexual conduct with him; or (3) He solicits or requests another person to engage in sexual conduct with him in return for a fee. ’ ’
Wfhile entitled “patronizing a prostitute,” the body of the section clearly states that the conduct intended to be proscribed is conduct directed to “ another person.” It is well established that the character of a statute is to be determined by its provisions and not by its title (People v. McCann, 16 N. Y. 58; People v. O’Brien, 111 N. Y. 1, 59). Thus it is the language of the body of the statute, and not its “headnote”, which sets forth the scope of the conduct which is to be proscribed. The statute here is- aimed at a person who seeks out sexual activity for a fee with any “ other person.” This “ other person ” is not required to be of any particular class of individual nor even of the /Opposite sex (Penal Law, § 230.10), for it is the conduct of the solicitor, and not the solicited, which is proscribed.
It should be recognized that section 230.05 was included in the Penal Law as a corollary to the prostitution statute for the purpose of imposing criminal sanctions against a “ patron.”. The purpose of the statute is to act as an aid in curtailing prostitution by making the potential patron wary of soliciting anyone. This view of the statute is supported by the Commission on the Revision of the Penal Law staff comments which state in part: ‘ ‘ This section makes it a violation for a person to hire or attempt to hire a prostitute or anyone else to engage in sexual conduct with him.” (Gilbert, Criminal Law and Procedure, p. 2-372; (emphasis supplied.) By condemning mere solicitation on the *343 part of a patron, the Legislature has sought to eradicate an age-old problem by attacking its cause — the demand. This is the exact purpose of the statute. Otherwise the patron would be permitted to proceed on his way uncondemned by the law, until he finally finds a person willing to satisfy him.
I therefore find that section 230.05 of the Penal Law is violated when one person solicits another person to engage in sexual conduct with him in return for a fee, and it is immaterial whether the person solicited is or is not a prostitute.
CPL 60.22 provides in subdivision 2 thereof that an accomplice means a witness who, according to the evidence, “ may reasonably be considered to have participated in (a) the offense charged; or (b) an offense based upon the same or some of the same facts or conduct which constitutes the offense charged.” Since the complainant in this case was a police officer acting in the performance of her official duty, she cannot be considered as participating in the offense.
The facts of this case do not support a finding that the complainant here participated in the solicitation by the defendant-except to vaguely respond to his inquiry and agree, once the request was made. As a matter of law, the complainant cannot be found to be an accomplice, since the necessary element of criminal intent to participate in the crime (People v. Beaudet, 32 N Y 2d 371, 375) was lacking. Furthermore, since she was acting in the performance of her official duties, her conduct would not constitute an offense (Penal Law, § 35.05, subd. 1). See, also, People v. Swift (161 Misc. 851, affd. 251 App. Div. 808) and People v. Molins (7 N. Y. Crim. Rep. 51) which hold that an officer who acts solely with the purpose of obtaining evidence for prosecution is not an accomplice at law.
People v. Jackson (69 Misc 2d 793), cited by the defendant, is inapplicable to this case. There, the patron, who had engaged in sexual activity with the prostitute, was held to be an accomplice in a prosecution of the prostitute. In Jackson, there was a joint intent to engage in sexual activity. Here, the officer could not be an accomplice of the patron because the officer had no intent to engage in the commission of a crime with the defendant. (See, also, People v. Thomas, 74 Misc 2d 6, which holds that the offer to engage in sexual activity for a fee, is, in and of itself, prohibited by law and requires no corroboration.)
As to the issue of entrapment, section 40.05 of the Penal Law provides entrapment is an affirmative defense and since the defendant offered no evidence at the trial in support thereof, he has failed to meet the burden of establishing such defense by a preponderance of the evidence. In any event, there was no *344 evidence that the defendant engaged in the proscribed conduct because he was induced or encouraged to do so by the officer. Nor is there any evidence that he was a person not otherwise disposed to commit such offense. Merely affording a person an opportunity to commit an offense does not constitute entrapment.
Accordingly, the motion to dismiss is denied. The defendant is found guilty of the violation charged.