442 A.2d 760

COMMONWEALTH of Pennsylvania

v.

Tanya Marie WILSON, Appellant.

COMMONWEALTH of Pennsylvania

v.

Vera WARD, Appellant.

COMMONWEALTH of Pennsylvania

v.

Bonnie Sue GATES, Appellant.

COMMONWEALTH of Pennsylvania

v.

Vickie EDWARDS, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 21, 1981.

Filed March 5, 1982.

266

Larry A. Kalikow, Assistant Public Defender, Harrisburg, for appellants.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before BROSKY, McEWEN and BECK, JJ.

BECK, Judge:

These are appeals from judgments of sentence. They are separate cases but involve the same legal issues and almost identical facts. Therefore, they have been consolidated pursuant to Pa.R.A.P. 513. The appellants were charged initially with criminal solicitation under 18 Pa.C.S.A. § 902. In each case, the prosecution was permitted to amend the informations to charge a count of prostitution pursuant to

18 Pa.C.S.A. § 5902.[1] All four appellants were found guilty in separate non-jury trials of both counts. Each was fined $100.00 and given a six month suspended sentence.

Appellants argue that the evidence presented was insufficient to sustain a verdict of guilty of criminal solicitation. That statute reads:

A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or which would establish his complicity in its commission or attempted commission.

18 Pa.C.S.A. § 902.

In *Commonwealth v. Danko*, 281 Pa.Super. 97, 421 A.2d 1165 (1980), this court upheld convictions for criminal solicitation and prostitution in a similar situation. There was evidence in that case that appellant offered to engage in specific sexual acts for money, used phrases commonly spoken by prostitutes to describe those acts, and undressed in front of the officer. The evidence adduced at trial in the instant cases clearly supports the finding that the appellants solicited the police officers to engage in specific conduct which would establish the officers' complicity in the commission of the crime of prostitution—engaging in sexual activity as a business.[2]

1. The act for which the appellants were originally charged was the offer to engage in sexual activity for a price. The original informations cited specifically the offers.

2. In the case of Tanya Marie Wilson, Officer Goshert of the Harrisburg Police Department testified that appellant offered to perform "a half and half" (oral and vaginal intercourse) for $30.00. (N.T. 8.) Detective Shultz testified that Vera Ward stated that she was usually paid $20.00 for a "blow job" (oral intercourse) and $25.00 for "a fuck" (sexual intercourse). (N.T. 10.) Officer Goshert testified that Bonnie Sue Gates stated that he would receive "a half and half" for $30.00. (N.T. 5.) Finally, in the case of Vickie Edwards, Officer Zurat testified that appellant offered both him and Officer Goshert "a half and half" for $30.00 each. She accepted $55.00, but was arrested before performing the above acts. (N.T. 11.)

■ Appellants argue that since the police officers would not be criminally liable for the underlying crime of prostitution, appellants could not be found guilty of soliciting them to commit that crime. Appellants misread the statute. Under the clear meaning of the criminal solicitation statute, an individual who "encourages or requests another person to engage in specific conduct which would establish his complicity. . ." in the commission of the crime violates the statute. There is no requirement in the statute that the one being solicited be criminally chargeable for the underlying crime. The statute addresses itself to the act of the solicitor in obtaining another individual's "complicity" in a crime.

■ Prostitution requires participation of a partner. The appellants in this instance, at a minimum, invited the police officers to be those partners. At the point where the officers' complicity in the crime was brought about by the act of the appellants, the appellants violated the criminal solicitation statute.[3]

■ Appellants next claim that amendment of the information to include prostitution amounted to the charging of a different offense in contravention of Pa.R.Crim.P. 229. They are incorrect. That rule permits amendment where the new charge involves the same basic elements and fact situation:

> The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amend-

---

**3.** *See In re Appeal No. 180,* 278 Md. 443, 365 A.2d 540 (1976), in which the Maryland Court of Appeals construed the state's statute (Maryland Code 1957 Art. 27, Section 15(e)) proscribing solicitation for purposes of prostitution. The Court rejected the argument that a person can only be convicted of solicitation if the solicitee could be found guilty of committing the underlying offense. The Maryland statute combines in one law the crime of solicitation and prostitution. It specifically proscribes solicitation "for the purposes of prostitution." In Pennsylvania, criminal solicitation (18 Pa.C.S.A. § 902) is a crime separate from prostitution (18 Pa.C.S.A. § 5902).

ment the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

The amendment of the information is reflective of the logic of *Commonwealth v. Danko*, which held that the police officer need not involve himself in sexual intercourse with the defendant in order for the evidence to support a finding beyond a reasonable doubt that appellant was engaged in sexual activity as a business.

The test for determining if the requirements of Rule 229 have been met is enunciated in *Commonwealth v. Stanley*, 265 Pa.Super. 194, 212, 401 A.2d 1166, 1175 (1979):

> The purpose of Rule 229 is to insure that a defendant is fully apprised of the charges against him, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed. *See Commonwealth v. Jones*, 250 Pa.Super. 471, 378 A.2d 1245 (1977); *Commonwealth v. King*, 227 Pa.Super. 168, 323 A.2d 260 (1974). In effecting this purpose, the courts of this Commonwealth employ the test of whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct.

(Footnotes deleted.)

It is clear that the original information indicated that prostitution was the underlying crime being charged and cited the offers made by the appellants to the officers of sex in exchange for money. Appellants had notice of both crimes. As was indicated in *Danko*, appellants' behavior was sufficient to support convictions for both criminal solicitation and prostitution.

■ Appellants assert that the Commonwealth's evidence was insufficient as a matter of law to sustain a conviction for prostitution. That offense is defined under 18 Pa.C.S.A. § 5902(a)(1):

(a) Prostitution—A person is guilty of prostitution, a misdemeanor of the third degree, if he or she:

(1) is an inmate of a house of prostitution or otherwise engages in sexual activity as a business.

As noted above, the *Danko* court construed a sufficiency of the evidence argument in the context of a mere offer to engage in oral intercourse for a fee. Defendant in that case accepted payment and undressed; she did not engage in the act. Each appellant in the instant case offered to engage in oral and vaginal intercourse with the officers, but no sexual behavior transpired.

The *Danko* court resolved this "sufficiency" question: The question, therefore, is whether the evidence was sufficient to demonstrate beyond a reasonable doubt that appellant was engaging in sexual activity as a business, either as an inmate of a house of prostitution or otherwise, and not whether she engaged in intercourse with the officer. We hold that it was sufficient. The evidence that appellant offered to engage in specific sexual acts for a price, used words commonly used by prostitutes to describe those acts, accepted the money offered for one of those acts, and undressed in preparation for it, was sufficient to prove that she was then engaging "in sexual activity as a business." There was no need for the officer to participate in the sexual activity to the extent of having intercourse with appellant.

Id., 281 Pa.Super. at 108, 421 A.2d at 1170–71.

In the cases of appellant Wilson and appellant Edwards, the officers testified from their reports containing notes they previously recorded. Defense counsel objected to their use. Appellants argue that three factors must be established before the officers could use their notes to refresh their recollection. *Commonwealth v. Proctor*,[4] 253 Pa.Super. 369, 373, 385 A.2d 383, 385 (1978) (footnote deleted), supports their argument:

[4] The *Proctor* court quoted directly from *Moncrief v. City of Detroit*, 398 Mich. 181, 247 N.W.2d 783, 787–788 (1976).

"To permit the use of a writing in order to refresh the memory of a witness, the proponent must show: (1) that the witness' present memory is inadequate; (2) that the writing could refresh the witness' present memory; and (3) that reference to the writing actually does refresh the witness' present memory."

Appellants also claim as error the fact that the officers brought their reports to the stand, instead of being referred to the writings by counsel.

While the latter claim did point to cognizable error on the part of the trial judge, it was harmless beyond a reasonable doubt. No conceivable prejudice could be shown. Also, the record supports the satisfaction of the three requirements cited in *Proctor*. The officers only consulted their reports when they were asked exactly what appellants told them prior to arrest. They testified at trial that they did not recall the exact words. That the writing could refresh present memory and that reference to it actually did so refresh are manifestly obvious.

Judgments of sentence affirmed.

McEWEN, J., concurs in the result.