505 A.2d 335

COMMONWEALTH of Pennsylvania, Appellee,

v.

Dennis Carlisle BRYNER, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 11, 1985.

Filed Feb. 26, 1986.

Jay Y. Rubin, Indiana, for appellant.

William J. Martin, District Attorney, Indiana, for Com., appellee.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

PER CURIAM:

A jury found appellant guilty of burglary, theft by unlawful taking or disposition, and receiving stolen property. Appellant was sentenced to two (2) to four (4) years imprisonment, and this appeal was taken. Appellant raises three assignments of error for our consideration:

1. the trial court erred in prohibiting appellant from cross-examining the juvenile witness co-conspirator as to bias;

2. the trial court erred in prohibiting cross-examination of the juvenile witness co-conspirator concerning prior delinquency adjudications for crimes of crimen falsi to impeach his credibility; and,

3. the trial court erred in permitting the Commonwealth during its closing argument to incorrectly relate the

time at which the juvenile witness gave his statement to the police.

In accordance with the provisions of 42 Pa.C.S. § 6354(b) [1], a juvenile record may not generally be used for impeachment purposes. *Commonwealth v. Katchmer*, 453 Pa. 461, 309 A.2d 591 (1973). However, the United States Supreme Court has since held that the state's interest in protecting the confidentiality of a juvenile's record must yield to the accused's constitutional right to cross-examine an adverse witness to show bias. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). In applying *Davis* to cases within the Commonwealth, our Supreme Court has indicated that something more than a mere assertion of possible bias is necessary before the defense can take advantage of the holding in *Davis*, i.e., sufficient facts must be presented which will permit a clear and direct inference of bias to be drawn. *Commonwealth v. Slaughter*, 482 Pa. 538, 394 A.2d 453 (1978); *Commonwealth v. Case*, 322 Pa.Super. 24, 469 A.2d 162 (1983). Specifically, there must be a logical connection between the facts to be proven and the inference to be drawn from those facts. *Commonwealth v. Case, Id.*, 322 Pa.Superior Ct. at 29, 469 A.2d at 165.

The record in the matter before us includes the following sidebar discussion immediately before defense counsel cross-examines the juvenile witness.

THE COURT: You want to make a motion?

MR. RUBIN [DEFENSE COUNSEL]: Your Honor, I would like to be able to ask the questions of the witness as to his juvenile record including everything that he has been involved with as to show bias in accordance with the

1. 42 Pa.C.S. § 6354(b) provides:
The disposition of a child under this chapter may not be used against him in any proceeding in any court other than at a subsequent juvenile hearing, whether before or after reaching majority, except:
(1) in dispositional proceedings after conviction of a felony for purposes of a presentence investigation and report; or
(2) if relevant, where he has put his reputation or character in issue in a civil matter.

Commonwealth versus Slaughter and there are several cases for which he was adjudicated a delinquent between the time of the event which we are concerned with today and his statements to the police and I believe that those statements, though [sic] adjudications should come in to show bias for getting a better deal for himself and against the defendant.

Trial Transcript, pp. 43–44.

A fair reading of the above excerpt from the trial transcript in conjunction with testimony received from various prosecution witnesses reveals that defense counsel was concerned about facts which might have inferred bias: (1) the time lapse between the commission of the offense and appellant being named as a perpetrator; and, (2) the juvenile's detention and adjudication on unrelated charges prior to his statements to the police involving appellant in the instant matter. It thus becomes clear that a logical connection between the facts defense counsel wished to prove and an inference of bias existed herein. The trial court, therefore, erroneously denied appellant's request to cross-examine the juvenile witness, the only prosecution witness to directly implicate appellant, about prior *relevant* adjudications as they might relate to an inference of bias. *Davis v. Alaska, supra. Cf., Commonwealth v. Slaughter, supra;* and, *Commonwealth v. Case, supra.*

We find appellant's remaining claims to be meritless. As noted hereinbefore, a juvenile record may not be generally used for purposes of impeachment. 42 Pa.C.S. § 6354(b); *Commonwealth v. Katchmer, supra.* The legislative prohibition particularly applies to attempt to use adjudications for offenses of *crimens falsi* to generally impeach credibility. *Commonwealth v. Dombrauskas,* 274 Pa.Super. 452, 457, 418 A.2d 493, 496 (1980); *Commonwealth v. Mines,* 321 Pa.Super. 529, 532, 468 A.2d 1115, 1117 (1983), citing, *United States v. Ong,* 541 F.2d 331, 342 (2d Cir.1976).

Our review of the record as it relates to appellant's final assignment of error evinces that the trial court did not abuse its discretion in permitting the challenged remark and

overruling defense counsel's objection to the same. *See,
Commonwealth v. Maxwell,* 505 Pa. 152, 165–166, 477 A.2d
1309, 1316–1317 (1984).

Judgment of sentence is reversed, and the case is remanded for a new trial consistent with this opinion. Jurisdiction is relinquished.