## Commonwealth v. Mita

*Richard Shore, assistant district attorney,* for the Commonwealth.
*Merrilee Weiss,* for defendant.

MASSIAH-JACKSON, *J.,* October 30, 1986—

## MEMORANDUM IN SUPPORT OF GRANTING DEFENDANT'S
## MOTION FOR ARREST OF JUDGMENT

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant Mita contends that the evidence presented by the Commonwealth was insufficient to sustain the conviction by this court for the summary offense of "patronizing prostitutes." Act of December 6, 1972, P.L.1482, §1, as amended, 18 Pa.C.S. §5902(e). After reviewing the legislative history and pertinent case law, this court agrees and arrests judgment on Bill of Information no. 0087 of the February term, 1986.

"The effect of a motion in arrest of judgment is to admit all facts which the Commonwealth evidence tends to prove." Commonwealth v. Davis, 477 Pa. 197, 199, 383 A.2d 891, 892 (1978).

The facts presented by the Commonwealth are that on August 23, 1985, at approximately 11:50 p.m., Philadelphia Police Officer Kathryn Mercedes was working as a plain-clothes decoy in furtherance of an investigation of prostitution in the downtown area of 15th and Spruce Streets.

Defendant Michael Mita approached the officer and told her that he wanted "to party." When Officer Mercedes replied "What do you mean?" defendant stated he wanted to have sex. Officer Mercedes asked, "What is in it for me?" The defendant responded, "Do you want to get high?" As they walked toward defendant's car, which was parked at 16th and Spruce Streets, defendant told her of narcotics in the visor of his car. Officer Mercedes gave a signal to her back-up officers who placed defendant under arrest.

Following a nonjury trial, Mita was convicted of possession of methamphetamine and patronizing a prostitute.

The statute states in pertinent part, 18 Pa.C.S. §5902(e):

"A person commits a summary offense if he hires a prostitute to engage in sexual activity with him. . . ."

The sole post-trial issue is whether the elements of the statute have been established where the police decoy, admittedly, *was not* a prostitute.

## LEGAL DISCUSSION

### Criminal Intent is Not One of the Elements of This Summary Offense

The Commonwealth suggests that, so long as it has established that defendant *intended* to hire a prostitute, it has met its prosecutorial burden. To hold otherwise, it is claimed, would render the statute unenforceable. "It is extremely difficult to prove a self-employed person's occupation (especially when that person is a self-employed prostitute)." Commonwealth Memorandum, p.2, dated July 3, 1986.

This court is not unsympathetic to the Commonwealth's burden; however, the Crimes Code is clear that culpability requirements are generally inapplicable to summary offenses. 18 Pa.C.S. §305(a). Professor Kingsley Jarvis has commented, "[S]ummary offenses do not require a guilty intent." Jarvis, Pa. Crimes Code and Criminal Law 10 (1974).

Defendant argues in his memorandum, at page 2, dated May 27, 1986:

"It is submitted that patronizing a prostitute is, like most other summary offenses, a strict-liability crime. Therefore, just as in any strict-liability crime,

if the actor commits the act, there need be no showing of a specific *mens rea*. However, the quid pro quo for forsaking the *mens rea* requirement of the common law in these statutory offenses, is the mandate that the *actus reus* be present. For such to be the case in these offenses, it is necessary that factual scenario comport with the rather limited elements of the offense. For example, if a person serves alcohol to a person he believes to be a minor, that person is guilty of, strict liability offense, if the person served *is in fact a minor*. If the person served proves to be of the age of majority, then the server is innocent, even though he thought he was committing the prohibited act." (Emphasis in original.)

The Pennsylvania Superior Court has held that the determination of whether a statute requires criminal intent is a judicial determination which is to be made after consideration of the subject matter and the statutory language in order to ascertain the legislative intent. Commonwealth v. Black, 251 Pa. Super. 539, 380 A.2d 911, 913 (1977); Commonwealth v. Bready, 220 Pa. Super. 157, 286 A.2d 654 (1971).

The language of the entire Pennsylvania prostitution legislation is virtually identical to the language of the Model Penal Code, Proposed Official Draft §251.2 (1962). That draft, with detailed commentary, was originally included and presented to the American Law Institute as section 207.12 of Tenative Draft No. 9, 169-182 (1959), and is informative in our inquiry. The comments reveal that while prostitution and related offenses are not illegal in many European countries, American religious, moral and health considerations have provided the impetus for suppression of commercialized sex. In recent years, however, all of the

statutory penalties have been less severe. American Law Institute-Model Penal Code and Commentaries, Official Draft and Revised Comments §251.2, (1980).

The 1959 Tentative Draft of section 251.2 (5) of the Model Penal Code, from which the language of 18 Pa.C.S. §5902(e) is derived, indicates that patronizing a prostitute "is classified as a violation . . . and is not denominated as a 'crime.' " It is suggested that one purpose for this particular statutory offense is for use as a tool "to facilitate the task of police who, in raiding a house of prostitution will not have the impracticable task of distinguishing between patrons, procurers and loungers."

The same early comment to this provision noted that individuals who patronize prostitutes are rarely punished "since prosecutors, judges and juries would be likely to regard extramarital intercourse for males as a necessary evil or even socially beneficial." See Model Penal Code §207.12, Draft no. 9, 1959.

More recently, in Commonwealth v. Finnegan, 280 Pa. Super. 584, 421 A.2d 1086 (1980), our Superior Court found a "legitimate purpose of eliminating prostitution and maintenance of the public health, safety, morals and general welfare." (Citations omitted.) Toward this end, it appears that while prostitution itself remains a form of crime in our society, the separate roles played by the prostitute, the client and the promoter have legitimately received disparate treatment. See Commonwealth v. Finnegan, supra.

This court believes that it is in summary statutes, such as patronizing prostitutes, that "the social interest in the general well-being and security of the populace [that is, the societal "goal" to eliminate prostitution], has been held to outweigh the individ-

ual interest of the particular defendant. The penalty is imposed despite the defendant's lack of criminal intent or mens rea." Commonwealth v. Koczwara, 397 Pa. 575, 155 A.2d 825 (1959).

A review of the subject matter and legislative history have demonstrated an *absence* of any sense of moral delinquency or wrong-doing or even guilt directed toward *the client*. Accordingly this court finds that notwithstanding the difficult prosecutorial burden, criminal intent or mens rea is not one of the elements of patronizing prostitute, 18 Pa.C.S. §5902(e)[1] and defendant Mita's intent is an inappropriate focus of inquiry. Rather, the Commonwealth must establish a violation of the prohibited act.

## Patronizing a Decoy Policewoman Is Not a Violation of 18 Pa.C.S. §5902(e)

All parties agree that Officer Mercedes is not a prostitute within the meaning of the statute, 18 Pa.C.S. §5902. Rather, as the Commonwealth artfully states, the issue is whether defendant Mita has violated section 5902(e) by offering drugs in exchange for sex, "to a 'decoy' officer *posing* as a prostitute." (Emphasis added.)

The pertinent elements of section 5902(e) are established when a person:

(1) hires

(2) a prostitute

---

1. Most significantly, prior to trial the Commonwealth withdrew a bill of information charging defendant Mita with criminal solicitation, 18 Pa.C.S. §902. The cases have consistently held that in solicitation offenses, the conduct and intent of the client defendant is in fact the proper focus of the inquiry. Commonwealth v. Wilson, 296 Pa. Super. 264, 442 A.2d 760 (1982); Commonwealth v. Danko, 281 Pa. Super. 97, 421 A.2d 1165 (1980). See also United States v. Wilson, 342 A.2d 27 (D.C. 1975).

(3) to engage in sexual activity

In this instance, the offer by defendant Mita to exchange drugs "for some pussy" has sufficiently satisfied the elements no. 1 and no. 3, as set forth above.[2]

It is hornbook law that in construing a criminal statute we must look to the plain terms of the statute and it should be strictly construed in favor of the accused. Statutory Construction Act 2972, December 6, P.L. 1339 §3, 1 Pa.C.S. 1928(b); Commonwealth v. Capitolo, 324 Pa. Super. 61, 471 A.2d 462 (1984); Commonwealth v. Darush, 256 Pa. Super. 344, 389 A.2d 1156 (1978).

Again, the legislative history is enlightening. The Model Penal Code states at section 251.2(5):

"*Patronizing Prostitutes.* A person commits a violation if he hires a prostitute to engage in sexual activity with him." Forty-one states, *but not including Pennsylvania,* have adopted language relating to the offense of patronizing prostitutes which specifically and plainly applies to the hiring of "any person." See People v. Bailey, 105 Misc.2d 772, 432 N.Y. S.2d 789 (1980), where the trial court dismissed a complaint after an in-depth analysis of the same offense involved in the case at bar. The New York appellate court reversed, at 108 Misc.2d 1075, 442 N.Y. S.2d 701 (1981), stating that the New York Penal Statute using the phrase "another person" should apply to any other person, including a police decoy.

Several state legislatures such as New York, have further broadened their statute by incorporating "solicitation" into this section. As a result, for en-

---

2. "Hire," is defined as follows: ". . . to arrange for the labor or services of another for a stipulated compensation." Black's Law Dictionary, 656 (5th Ed. 1979).

forcement purposes the conduct of the client may be proscribed. People v. Bronski, 76 Misc.2d 341, 351 N.Y.S.2d 73. The New York Penal Law, §230.02, reads as follows:

"A person patronizes a prostitute when: . . . (c) he solicits or requests another person to engage in sexual conduct with him in return for a fee."

The trial court in People v. Bailey, supra, stated at 433 N.Y.S.2d 796:

"The states basically following the language of the Model Penal Code (in addition to Illinois and Wisconsin) are Colorado, Idaho, Kansas, Nevada, New Jersey, New Mexico and Pennsylvania. The states which have adopted all or part of the language in the New York statute are Arkansas, Connecticut, Delaware, Indiana and Missouri.

"Utah hedges by employing language that is partially from the Model Penal Code and partially from the New York statute. Michigan is the only state to follow the example set by Ohio. The Michigan statute is titled 'Soliciting and Accosting.'

"Hence, of the 50 states, we find nine states employing language that clearly excludes everyone but the professional prostitute; five states using all or part of the New York language ('another person'); one state hedging its language; and two states employing language that is broad enough to include anyone (including a decoy policeman or policewoman) doing so (not under a 'Patronizing a prostitute' heading) but, under a 'solicitation' or 'accosting' title."

The second and final argument in the Commonwealth's memorandum is couched in the language of "solicitation," and contends that defendant Mita was a "solicitor." However, because the solicitation charge was withdrawn by the Commonwealth prior

to trial, we may look only to the specific statute upon which the Commonwealth did proceed.

The Commonwealth may not construe "prostitute," to include "any person" who has been hired to engage in sexual activity, for such reasoning overreaches the legislative language and intent. It is the task of the legislature, not the courts, to insert the words "or any person" into 18 Pa.C.S. §5902(e). Fisher v. Comm. Dept. of Public Welfare, 82 Pa. Commw. 116, 475 A.2d 873 (1983). Worley v. Augustine, 318 Pa. Super. 178, 456 A.2d 558 (1983).

Accordingly, after reviewing this background, this court believes that the Commonwealth was unable to establish each element of the offense. Commonwealth v. Davis, 491 Pa. 363, 421 A.2d 179 (1980); Commonwealth v. Barnhart, 345 Pa. Super. 10, 497 A.2d 616 (1985).

Defendant's motion in arrest of judgment is granted.