535 A.2d 602

**COMMONWEALTH of Pennsylvania**

v.

**Robert J. CAUTO, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 12, 1987.

Filed Dec. 4, 1987.

Reargument Denied Jan. 29, 1988.

384

Peter D. Goldberger, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and BECK and HESTER, JJ.

HESTER, Judge:

Following a jury trial, appellant Robert Cauto was convicted of six sex offenses against three juvenile males, all of whom were under the age of sixteen at the time of the incidents. In this appeal from judgment of sentence, appellant challenges the trial court's refusal to allow him to cross-examine two of the complainants for bias based on their juvenile records, the court's interpretation of the criminal solicitation statute, trial counsel's effectiveness, and other trial rulings. We agree that the prohibition against cross-examination with respect to the juvenile records of two complainants requires the granting of a new trial on

the four charges pertaining to them; we affirm the remaining judgments of sentence.

Bills 4178 and 4179 pertained to fifteen-year-old J.R.; Appellant was convicted of solicitation to commit involuntary deviate sexual intercourse and corruption of the morals of a minor, based on a telephone call during which he offered to perform oral sex on the boy. Bills 4182 and 4183 resulted in convictions of corruption of a minor and involuntary deviate sexual intercourse (IDSI), based on evidence that appellant engaged in oral sex with R.H., who had a juvenile record, while the boy was between the ages of thirteen and sixteen. Numbers 4185 and 4186 involved fifteen-year-old D.D. Appellant was convicted of solicitation to commit sexual abuse of children by photograph or film and corruption of a minor, based on evidence that he showed the boy two photographs, one showing a male masturbating and another depicting two males engaged in oral sex, and asked D.D. to pose for such photographs. At the time of trial, D.D. had charges pending in juvenile court.

Following the denial of post-verdict motions, appellant was sentenced to concurrent terms of imprisonment. The longest, imposed on bills 4178 and 4183, was three to six years.

The issues are: 1) whether the trial court erred in refusing to allow defense counsel to cross-examine two of the complainants for bias; 2) whether defense counsel was ineffective in failing to object to the jury charge (a) omitting an element of one offense, and (b) stating that the jury might find the defendant guilty of another offense on a basis for which there was no evidence; 3) whether judgment should have been arrested on the charges of criminal solicitation; 4) whether the trial court erred in restricting cross-examination designed to show that certain prejudicial evidence was not seized from the defendant's home; 5) whether the trial court erred in admitting the defendant's statement, given as the fruit of an involuntary stationhouse detention, and was trial counsel ineffective for failing to raise that theory, although the trial court addressed it; 6)

whether the trial court erred in permitting the prosecutor to misstate and assume facts in cross-examination and was counsel ineffective for failing to object to the prosecutor's closing argument of critical "facts" not in evidence; 7) whether the trial court erred in setting a sentencing guideline offense gravity score for IDSI of nine rather than five (and eight rather than four for soliciting IDSI), when the court made no finding of the facts underlying the difference in grading; and 8) whether the trial court erred in sentencing outside the guidelines for soliciting sexual abuse of a child by photography.

Appellant's first argument is that the trial court erred in refusing to allow complainants D.D. and R.H. to be cross-examined about their juvenile records in order to establish their potential bias. At the time of appellant's trial, D.D. had charges pending against him in juvenile court, and R.H. was on probationary status as a juvenile delinquent. The trial court recognized in its opinion that it should have allowed defense counsel to cross-examine D.D. about the pending juvenile charges in order to show bias, but because the notice of appeal had already been filed, the court was without power to grant relief. The court, however, declined to concede as error its refusal to allow the cross-examination of R.H. about his probationary status, concluding that the requested cross-examination was not to establish bias, but rather to impeach his credibility generally, which is prohibited by the Juvenile Act, 42 Pa.C.S. § 6354(b). *See Commonwealth v. Katchmer*, 453 Pa. 461, 309 A.2d 591 (1973); *Commonwealth v. Mines*, 321 Pa.Super. 529, 468 A.2d 1115 (1983).

The Supreme Court of Pennsylvania recently discussed when a criminal defendant should be permitted to cross-examine a prosecution witness about his criminal record in order to show bias. In *Commonwealth v. Evans*, 511 Pa. 214, 224–25, 512 A.2d 626, 631–32 (1986), the court held:

> [W]henever a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges or because of any non-final criminal disposition

against him within the same jurisdiction, that possible bias, in fairness, must be made known to the jury. Even if the prosecutor has made no promises, either on the present case or on other pending criminal matters, the witness may hope for favorable treatment from the prosecutor if the witness presently testifies in a way that is helpful to the prosecution. And if that possibility exists, the jury should know about it.

■ The Commonwealth argues that the complainants' status as juvenile victims should immunize them from the application of the *Evans* rule. We cannot agree. The state's interest in protecting the confidentiality of a juvenile's record must yield to the accused's constitutional right to cross-examine an adverse witness to show bias. *Commonwealth v. Bryner*, 351 Pa.Super. 196, 198, 505 A.2d 335, 336 (1986).

■ Applying the *Evans* rule here, the trial court erred in denying appellant an opportunity to demonstrate the potential bias of the two juvenile complainants. In the instance of D.D., the potential for bias is evident from the fact that at the time of trial, he had charges pending against him in juvenile court. Similarly, the probationary status of R.H. as a juvenile delinquent, subject to the ongoing supervision of the juvenile court, presented an apparent potential for biased testimony.

■ The Commonwealth, however, contends that any error in restricting appellant's cross-examination of the two witnesses is harmless. We do not agree. The testimony of D.D. and R.H. was critical to proving the guilt of appellant; their credibility was a controlling issue in the trial. It is difficult to conceive of an instance in which the denial of the opportunity to cross-examine an adverse witness to show bias could be more prejudicial. This error requires the grant of a new trial on bills 4182, 4183, 4185, and 4186.

■ The second issue is whether the trial court erred in the instructions to the jury. Appellant claims that the instructions contained two separate errors. With respect to

bill 4185, soliciting sexual abuse of a child by photography, the court omitted an element of the offense, to wit, that the depiction be made for the purpose of sexual stimulation or gratification of the viewer. With respect to bill 4186, corruption of the morals of D.D. by asking him to pose for sexually explicit photographs, the court instructed the jury that it could convict appellant if it found that appellant had asked D.D. to engage in sexual intercourse, though there was no evidence of any such invitation. The trial court, in its Pa.R.A.P. 1925 opinion, acknowledged that both instructions were erroneous. As we are remanding the case for retrial on the two bills which are involved, repetition of these errors should be avoided on retrial.

The next issue is whether the evidence was insufficient to sustain the guilty verdict on the two solicitation charges. Appellant argues that the offense of solicitation requires an attempt to cause another person to commit a crime. He argues that if the boys had acceded to his advances, they would not have committed criminal offenses, but would have been victims of crimes.

Title 18 Pa.C.S. § 902(a) provides:

**902.—Criminal solicitation.**

(a) **Definition of solitation.**—A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or *requests another person to engage in specific conduct* which would constitute such crime or an attempt to commit such crime or *which would establish his complicity* in its commission or attempted commission.

(Emphasis added). Webster's Ninth New Collegiate Dictionary (1985) defines "complicity" as "association or participation in or as if in a wrongful act." Appellant's conduct violates the clear prohibition of the emphasized portion of the statute. He requested J.R. and D.D. to engage in specific conduct which would establish the boys' complicity, or participation, in the commission of the crimes of involuntary deviate sexual intercourse and sexual abuse of children by photograph or film. Had the boys acceded to appellant's

advances, their conduct assuredly would have established their complicity in appellant's criminal behavior. The statute does not require criminal behavior by the person solicited. What it requires is complicity, or participation, in the commission of a crime.

■ *Commonwealth v. Wilson,* 296 Pa.Super. 264, 268, 442 A.2d 760, 762, *aff'd* 498 Pa. 529, 447 A.2d 1381 (1982), is directly on point and squarely controls this case. Judge Beck, writing for the court, stated:

> The evidence adduced at trial in the instant case clearly supports the finding that the *appellants solicited the police officers to engage in specific conduct which would establish the officers' complicity in the commission of the crime of prostitution—engaging in sexual activity as a business.*
>
> Appellants argue that since the police officers would not be criminally liable for the underlying crime of prostitution, appellants could not be found guilty of soliciting them to commit that crime. Appellants misread the statute. Under the clear meaning of the criminal solicitation statute, an individual who "encourages or requests another person to engage in specific conduct which would establish his complicity ..." in the commission of the crime violates the statute. *There is no requirement in the statute that the one being solicited be criminally chargeable for the underlying crime.* The statute addresses itself to the act of the solicitor in obtaining another individual's "complicity" in a crime.
>
> Prostitution requires participation of a partner. The appellants in this instance, at a minimum, invited the police officers to be those partners. At the point where the officers' complicity in the crime was brought about by the act of the appellants, the appellants violated the criminal solicitation statute.

(Footnotes omitted; emphasis added). *Wilson* thus makes it clear that the one being solicited need not be criminally chargeable for the underlying crime.

Appellant fallaciously attempts to distinguish *Wilson* with an irrelevant discussion of police officers' immunity. Although it may have been true that the officers were immune to prosecution or conviction because they were acting in their law enforcement capacity, as appellant argues, the extraneous proposition forms no part of the reasoning in *Wilson.* The *Wilson* court took pains to explain that the crime of "[p]rostitution requires participation of a partner. The appellants in this instance, at a minimum, invited the police officers to be those partners." *Wilson, supra,* 296 Pa.Superior Ct. at 268, 442 A.2d at 762. The rationale of *Wilson* is quite clear: the police officers, had they acceded to the prostitutes' advances, would not have been guilty of engaging in sexual activity as a business—the crime of prostitution—but they would have acted as the necessary partners without whom the crime of prostitution cannot be committed.

Appellant also attempts to distinguish *Wilson* with the further irrelevancy that if the police officers had not been immune, they could have been prosecuted for patronizing a prostitute, whereas if J.R. had acceded to appellant's advances, he would not have been guilty of IDSI, but a victim only. That the person solicited be liable for commission of a different crime is no more necessary than that he be liable for the underlying crime in order for the solicitor be guilty of criminal solicitation under 18 Pa.C.S. § 902(a). It is simply necessary that the person solicited be asked to participate in conduct which would constitute a crime by the solicitor. As the *Wilson* court correctly stated, "The statute addresses itself to *the act of the solicitor* in obtaining another's 'complicity' in a crime," *Wilson, supra,* at 268, 442 A.2d at 762 (emphasis added); it does not address the potential criminal liability of the person solicited.

There is no valid distinction between *Wilson* and this case. Deviate sexual intercourse, like prostitution, requires participation of a partner. The police officers in *Wilson* were not solicited to commit the crime of prostitution but to participate in the sexual activity without which the crime of

prostitution could not be committed. Likewise, J.R. was not requested to commit the crime of involuntary deviate sexual intercourse, but was asked to participate in appellant's conduct without which appellant could not have committed involuntary deviate sexual intercourse. This is precisely what is prohibited by 18 Pa.C.S. § 902(a): a request to engage in specific conduct which would constitute complicity in the commission of an underlying offense. We therefore affirm the conviction on bill 4178.

The same reasoning applies to bill 4185, which charged appellant with soliciting fifteen-year-old D.D. to commit sexual abuse of children by photograph or film. Had the boy agreed to appellant's request that he pose for photographs depicting masturbation and oral sex, appellant would have been guilty of violating 18 Pa.C.S. § 6312, prohibiting sexual abuse of children. The statute states:

### § 6312. Sexual abuse of children

(a) Definition.—As used in this section "prohibited sexual act" means sexual intercourse, anal intercourse, masturbation, bestiality, sadism, masochism, fellatio, cunnilingus and any other sexual activity including nudity if such sexual activity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction.

(b) Photographing or filming sexual acts.—Any person who causes or knowingly permits a child under the age of 16 years to engage in a prohibited sexual act or in the simulation of such act is guilty of a felony of the second degree if such person knows, has reason to know or intends that such act may be photographed or filmed. Any person who photographs or films a child under the age of 16 years engaging in a prohibited sexual act or in the simulation of such an act is guilty of a felony of the second degree.

Sexual abuse of children, like prostitution and involuntary deviate sexual intercourse, is an offense which requires the participation of a partner. The gravamen of the solicitation charge against appellant was not that he solicited the boy to

commit the crime of sexual abuse of children, i.e., to abuse himself, but that appellant requested him to participate in the wrongful acts without which appellant could not have committed the underlying offense. The conduct charged against appellant would constitute a violation of the criminal solicitation statute. Due to the court's failure to permit cross-examination of D.D. as to his juvenile record, however, we vacate the judgment of sentence imposed on bill 4185 and remand for a new trial, as discussed above.

■ The fourth issue is whether the court erred in restricting appellant's cross-examination of one of the officers involved in the search of his home. The court sustained the prosecutor's objection to the following question: "Now, on September 11, 1984 were there a number of other people arrested involved, you believe, in sex crimes?" Appellant argues that he was denied the opportunity to demonstrate an alternative source for the evidence found in his home. By establishing that many men had been arrested and large quantities of pornography had been seized, appellant apparently hoped to convince the jury that the evidence was fabricated or planted by the police.

A trial court has broad discretion in ruling on the parameters of cross-examination, and those rulings will not be reversed absent a clear abuse of discretion or error of law. *Commonwealth v. Greene*, 469 Pa. 399, 366 A.2d 234 (1976). The record fails to establish any such abuse or error here. The court's ruling on the proffered question in no way prevented appellant from establishing that alternative sources for the evidence existed, or that the police had the opportunity to fabricate or plant the evidence. Appellant was merely precluded from showing such opportunity through irrelevant questioning.

■ The fifth issue is whether appellant's inculpatory statement to the police should have been suppressed as the fruit of an involuntary stationhouse detention. When reviewing a suppression claim, the reviewing court is bound by the facts found in the record, and in determining this, considers only the evidence of the prosecution's witnesses,

and may reverse the suppression court only if the legal conclusions drawn from those facts are in error. *Commonwealth v. Cortez,* 507 Pa. 529, 491 A.2d 111, *cert. denied,* 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985); *Commonwealth v. Jackson,* 359 Pa.Super. 433, 519 A.2d 427 (1986).

■ The facts as found by the trial court and supported by the record are as follows: On July 26, 1984, officers of the Philadelphia Police Department obtained a warrant to search appellant's home. The officers were admitted into the home by appellant who was shown the search warrant and informed why the officers were there and why a search was to be conducted. The officers executed an orderly search and seized several items. Upon completing the search, the officers told appellant that he would not be arrested that evening (he was actually arrested on September 11, 1984). He agreed to accompany the officers to headquarters to be interviewed. At no time was appellant handcuffed or physically restrained. He was not physically ill or under the influence of alcohol or drugs. He was a high school graduate who had attended divinity school and classes for business law and he appeared to understand everything that was said to him. After being transported to police headquarters and given *Miranda* warnings, he gave the inculpatory statement which he contends should be suppressed as the fruit of an involuntary stationhouse detention.

Based upon these findings, the suppression court concluded that appellant had not been arrested but rather went with the police voluntarily to headquarters. In view of all circumstances surrounding the incident, we cannot say that a reasonable person would have believed that he was not free to leave. *Florida v. Royer,* 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *Commonwealth v. Holmes,* 482 Pa. 97, 393 A.2d 397 (1978). There was therefore no error in the denial of appellant's suppression motion.

The sixth issue is an allegation of three instances of prosecutorial misconduct. First, appellant contends that

the prosecutor misrepresented his testimony concerning the number of photographs which were seized from his house. Second, the prosecutor distorted appellant's use of the word "kids." Third, the prosecutor argued facts outside the record, and trial counsel was ineffective in failing to object.

The first claim was specifically waived by prior counsel at the post-verdict motions hearing, and therefore it is not preserved for review. As to the second claim, trial counsel failed to raise any objection to the allegedly distorted use of the word; therefore, this claim was not preserved for review. *Commonwealth v. Berrios*, 495 Pa. 444, 434 A.2d 1173 (1981); *Commonwealth v. Myer*, 340 Pa.Super. 176, 489 A.2d 900 (1985). Appellant also raises the issue of whether counsel was ineffective for failing to object, but he does not include this issue in his statement of questions presented. This issue, therefore, is not properly before this court. *Commonwealth v. Duden*, 326 Pa.Super. 73, 473 A.2d 614 (1984). The third claim, counsel's ineffectiveness for failing to object to the prosecutor's argument, is properly before us.

In reviewing a claim of ineffective assistance of counsel, a two-pronged analysis is utilized: we determine, first, whether the issue underlying the ineffectiveness claim has arguable merit, and second, whether the course chosen by counsel had some reasonable basis designed to promote appellant's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). If counsel was ineffective, appellant must also establish that the ineffectiveness was so prejudicial that he did not receive a fair trial. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

Assuming that trial counsel was ineffective in not objecting to the prosecutor's argument, we nevertheless agree with the trial court that counsel's ineffectiveness was not so prejudicial as to deprive appellant of a fair trial. The prosecutor argued facts referring to photographic equipment being taken to Florida. Any prejudicial effect of the

error here is so insignificant that it is clear that the error could not have contributed to the verdict. This is especially so in light of the trial court's repeated instructions to the jury that the statements of counsel were not evidence, and that the jury's recollection of the testimony was controlling. *See Pierce, id.,* 515 Pa. at 160, 527 A.2d at 977.

Finally, appellant raises two issues with respect to his sentencing. He claims that the court selected the offense gravity score under the sentencing guidelines for two offenses by assuming facts not established at trial or at the sentencing hearing, so that he was sentenced under improperly computed guideline ranges, in violation of *Commonwealth v. Drumgoole,* 341 Pa.Super. 468, 474–75, 491 A.2d 1352, 1355 (1985). Appellant also claims that the trial court, in imposing a sentence more severe than the guideline range on bill 4185, failed to state adequate reasons for the deviation, an apparent violation of *Commonwealth v. Terrizzi,* 348 Pa.Super. 607, 616, 502 A.2d 711, 716 (1985) and 42 Pa.C.S. § 9721(b).

We note initially that these two issues are challenges to discretionary aspects of sentencing. *Commonwealth v. Krum,* 367 Pa.Super. 511, 513, 514, 533 A.2d 134, 135 (1987) (en banc). The requirements of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987) therefore apply. Appellant failed to include in his brief "a concise statement of the reasons relied upon for allowance of appeal," as required by Rule 2119(f) and *Tuladziecki.* The requirement, however, is procedural, not jurisdictional. *Krum, supra,* 367 Pa.Super. at 517, 533 A.2d at 137. Any objection to the absence of the concise statement is waived by the Commonwealth's failure to complain of the defect. *Id.,* 367 Pa.Superior Ct. at 518, 533 A.2d at 138. We must therefore determine whether there is a substantial question that the sentence imposed is inappropriate under the entire Sentencing Code before we may address the merits of the issues. 42 Pa.C.S. § 9781(b); *Krum, supra,* 367 Pa.Superior Ct. at 519, 533 A.2d at 138.

■ Both issues relate to proper application of the sentencing guidelines, and we interpret the holding in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987), to require the conclusion that no substantial question exists which permits us to review the merits of appellant's challenges to his sentence. *Sessoms* held that the sentencing guidelines are void due to their adoption in an unconstitutional manner and are "of no force at all." *Id.*, 516 Pa. at 380, 532 A.2d at 782. Appellant requests resentencing under the sentencing guidelines, which are void. He makes no claim that the sentence is in any way inappropriate under the remaining valid provisions of the Sentencing Code. We are forced to conclude that no substantial question exists as to whether the sentence imposed is inappropriate under the Sentencing Code as a whole. We therefore decline to review the merits of appellant's challenges to the discretionary aspects of his sentence. 42 Pa.C.S. § 9781(b).

In accordance with the foregoing opinion, we order the following disposition. Judgment of sentence at bills 4178 and 4179 affirmed; judgment of sentence at bills 4182, 4183, 4185 and 4186 vacated and case remanded for new trial; jurisdiction relinquished.

CIRILLO, President Judge, filed a concurring opinion.

CIRILLO, President Judge, concurring:

I join in the majority's analysis and disposition of issues one through six. With respect to the final two issues, appellant's sentencing claims, I disagree only with the majority's statement that Pa.R.A.P. 2119(f) is a procedural rather than a jurisdictional requirement.

In *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), the supreme court made it clear that strict compliance with Rule 2119(f) is necessary for an appellant to invoke the jurisdiction of the superior court. *Id.*, 513 Pa. at 512, 522 A.2d at 19. Being a jurisdictional requirement, a violation of Rule 2119(f) is not waived by the failure of the opposing party to object to the violation. *Rohr v. Keystone*

*Insurance Co.*, 244 Pa.Super. 179, 181, 439 A.2d 809, 810 (1982).

Applying the supreme court's mandate of *Tuladziecki* to the case herein, the appellant's non-compliance with Rule 2119(f) creates a lack of jurisdiction regardless of the appellee's failure to object to the non-compliance. Lacking jurisdiction, this court has no authority to examine appellant's claim to determine if he presented a substantial question warranting our consideration of his sentencing claims.

Based on the foregoing discussion, I would find appellant's sentencing claims waived.