601 A.2d 1263

**COMMONWEALTH of Pennsylvania**

v.

**Luis Anibal MORALES, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 31, 1991.

Filed Feb. 4, 1992.

Vincent J. Quinn, Chief Public Defender, Lancaster, for appellant.

James J. Karl, Asst. Dist. Atty., Lancaster, for Com., appellee.

Before ROWLEY, President Judge, and CAVANAUGH, WIEAND, CIRILLO, OLSZEWSKI, KELLY, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

CAVANAUGH, Judge.

In this case we are asked to reexamine the issue of whether one may be convicted of criminal solicitation, 18 Pa.C.S.A. § 902, where the person approached would be the victim of the crime and not an accomplice. We ruled in *Commonwealth v. Cauto,* 369 Pa.Super. 381, 535 A.2d 602 (1987) that it was not necessary that the person who was approached be capable of being held culpable of the underlying crime before the defendant may be found guilty of criminal solicitation. Appellant recognizes that *Cauto* is controlling authority, but he requests that it be overruled. This we decline to do.

Appellant was found guilty by a jury of criminal solicitation and corruption of minors.[1] He received concurrent sentences of five years probation. The bill of information charged him with the following conduct: "Luis Anibal Morales did with the intention of promoting or facilitating the commission of a crime, command, encourage, or request another person to engage in specific conduct which would constitute such crime, or an attempt to commit such crime which would establish his complicity in its commission or attempted commission, to wit: actor did request that Christopher Webster, age 14 to engage in deviate sexual intercourse. On two occasions, actor did ask Webster if he wanted a 'blow job'. Offense occurred in 100 block of Water Street, Lancaster, PA."

At trial these facts were proven through the testimony of the victim, Christopher Webster. Appellant testified in his own defense that he believed the victim was older than fourteen when he asked him if he wanted to have sex or not.

---

1. Only the conviction of criminal solicitation is before the court on appeal.

The argument presented on appeal is that since Webster could not be found guilty of the crime of involuntary deviate sexual intercourse (IDSI) as an accomplice under 18 Pa.C.S.A. § 306, he may not legally be found to have been capable of conduct establishing complicity in the commission of the crime.

The statute defining criminal solicitation is as follows:

§ 902.  **Criminal solicitation**

(a) **Definition of solicitation.**—A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission.

In *Cauto,* this court rejected the proposition that the person solicited be liable for either the commission of the underlying crime or for a different crime. *Id.,* 369 Pa.Superior Ct. at 390–91, 535 A.2d at 607. We noted that the solicitation was for the victim's participation in conduct without which appellant could not have committed IDSI. The *Cauto* opinion quoted extensively from *Commonwealth v. Wilson,* 296 Pa.Super. 264, 442 A.2d 760 (1982), which involved arrests for solicitation and prostitution.[2] In *Wilson,* it was found that offers to engage in sexual conduct for money with undercover police officers were sufficient to support a conviction of criminal solicitation.

Appellant's reliance on § 306 of the Crimes Code, regarding accomplice liability, does not require a contrary result. Section 306 pertains to those instances in which an individual may be held accountable for the conduct of another as an accomplice. Section 306(f)(1) specifically states that a person is not an accomplice if he is the victim of the offense. This section would have protected Webster from criminal culpability had he accepted appellant's offer of sex, how-

---

**2.** On appeal, the judgments of sentence for solicitation were affirmed and the convictions for prostitution were vacated. 498 Pa. 529, 447 A.2d 1381 (1982).

ever, it has no applicability to a determination of appellant's culpability.

We find the reasoning of *Cauto* to be sound, and its holding is determinative of the outcome of this case. Appellant would not have been able to commit the crime of IDSI had he not asked Webster to have sex with him. Webster would have been a necessary partner in the commission of the crime of IDSI, and as such, appellant's proposition to him constituted criminal solicitation.

Judgment of sentence affirmed.