627 A.2d 732

**COMMONWEALTH of Pennsylvania**

v.

**Stephen FISHER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 1993.

Filed May 17, 1993.

Reargument Denied July 30, 1993.

Rose A. McGowan, Moscow, for appellant.

John J. Notarianni, Asst. Dist. Atty., Scranton, for Com., appellee.

Before CIRILLO, BECK and KELLY, JJ.

BECK, Judge.

The issue is whether a defendant can be found guilty of the crime of solicitation to deliver drugs where the facts show he could not have been found guilty of the underlying crimes of delivery of drugs or possession with the intent to deliver drugs. Because we find that the legislature specifically prohibits such a charge, we vacate appellant's judgment of sentence.

Agents from the Scranton/Lackawanna County Drug Task Force confiscated a beeper from a local drug dealer. With the assistance of the dealer's driver (the informant), the agents set up a "reverse sting operation." That evening, they rented several adjoining rooms at a hotel and placed a scale and bags of a white powder substance in plain view on the table in one of the rooms. When a call was received through the beeper, the informant would contact the caller, who usually would be calling in order to purchase drugs. The informant would then instruct the caller to come to the hotel room. Apparently, the agents received over eighty (80) calls that evening and arranged numerous transactions under this system. The agents, working with the district attorney's office, recorded the calls made by the informant and also recorded the conversations that took place in the hotel room between the informant and the buyers. Once a buyer requested drugs and showed that he had money to make the purchase, agents would appear from an adjoining room and make an arrest.

Appellant was one of the persons who placed a call to the beeper that night. During his telephone conversation with the informant, appellant requested an "eight iron" and was told to come to the hotel room. Upon his arrival, appellant asked the informant for an "eight ball." Appellant was then asked to show his money and upon doing so was arrested. At trial, an agent gave expert testimony that both terms used by appellant were slang for an eighth of an ounce of cocaine, a common measure of cocaine packaged to be sold to an individual on the street.

The Commonwealth charged appellant with criminal solicitation to deliver a controlled substance, a felony punishable by a maximum of ten years imprisonment and a $100,000 fine. *See* 18 Pa.C.S.A. §§ 902, 905(a); 35 Pa.S.A. § 780–113(a)(30) and (f)(1.1). Appellant petitioned the trial court to amend the charge against him to attempted possession of a controlled substance. The court denied appellant's request and a jury trial followed. Appellant was found guilty of solicitation to deliver a controlled substance and was sentenced to 18 to 36 months in prison.

Appellant's single issue on appeal is the propriety of the charge. He claims that he should not have been charged with solicitation to deliver because even if the crime solicited, i.e., the purchase of cocaine, had been accomplished, he would not have been charged with delivery, but merely possession because of the small quantity of drugs involved. The Commonwealth counters by stating that appellant's conduct falls within the plain language of the solicitation statute; therefore, the charge and conviction are proper. The trial court agreed with the Commonwealth and denied appellant's motions in arrest of judgment and for a new trial.

Our solicitation statute provides:

A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute a crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission.

18 Pa.C.S.A. § 902(a).

Appellant's act clearly falls within the statute's provisions in that appellant requested another person (the informant) to engage in conduct (sell drugs) which would constitute a crime. However, this limited analysis ignores an additional statutory provision which plainly addresses the very circumstances of this case:

It is a defense to a charge of solicitation or conspiracy to commit a crime that if the criminal object were achieved the actor would not be guilty of a crime under the law defining

the offense or as an accomplice under section 306(e) of this title (relating to status of actor) or section 306(f)(1) or (2) of this title (relating to exceptions)

18 Pa.C.S.A. § 904(b).

It is clear that in this case even "if the criminal object were achieved the actor [appellant] would not be guilty of a crime under the law defining the offense[.]" Appellant's conduct would not support the charge of delivery, nor would it support an accomplice charge. Section 306 sets forth the law of accomplice liability and provides, *inter alia,* that a person cannot be convicted as an accomplice to a crime if "the offense is so defined that his conduct is inevitably incident to its commission." 18 Pa.C.S.A. § 306(f)(2).

We are certain that, had the drug transaction in the instant case been accomplished, appellant would not have been guilty of the crime of delivery of a controlled substance, either as a principal or an accomplice. The small quantity of appellant's buy, namely one-eighth of an ounce would not support a charge of delivery or possession with intent to deliver. *See Commonwealth v. Gill,* 490 Pa. 1, 415 A.2d 2, 4 (1980) (small amount of drugs consistent with personal use results in charge of possession, not distribution). Also, appellant as the buyer of drugs is "inevitably incident" to the delivery of drugs and his conduct cannot be considered that of an accomplice. Once the buyer purchases a small quantity of drugs, two crimes have been committed: the seller has violated 35 Pa.S.A. § 780–113(a)(30), the felony of delivery of a controlled substance, and the buyer has violated 35 Pa.S.A. § 780–113(a)(16), the misdemeanor of possession of a controlled substance.

The cases cited by the Commonwealth are not applicable to these facts. *Commonwealth v. Wilson,* 296 Pa.Super. 264, 442 A.2d 760, *appeal granted,* 498 Pa. 529, 447 A.2d 1381 (1982), concerned a sting operation wherein police officers acted as "johns" and were solicited by prostitutes who offered to perform various sexual acts for specific sums of money. There, appellants claimed that because the officers themselves could not have been convicted of the underlying crime (prostitution), appellants could not be charged with solicitation to

commit the crime. We disagreed and held that a conviction under the solicitation statute did not require "that the one being solicited be criminally chargeable for the underlying crime." *Id.* 442 A.2d at 762. In *Commonwealth v. Cauto,* 369 Pa.Super. 381, 535 A.2d 602 (1987), *appeal denied,* 521 Pa. 601, 555 A.2d 112 (1988), the appellant was convicted of solicitation to commit involuntary deviate sexual intercourse (IDSI) with three minor boys. He argued that the charge could not be sustained because solicitation requires an attempt to cause another to commit a crime. Because the boys would have been victims of the crime, instead of actually committing the crime, appellant argued that he could not be charged with solicitation. Relying on our holding in *Wilson* that the person solicited does not have to be capable of committing the crime, we rejected appellant's challenge and upheld the conviction.[1]

The appellants in *Wilson* would have been guilty of prostitution if the crime had been accomplished; similarly, the appellant in *Cauto* would have been guilty of IDSI had the boys responded to his advances. Unlike in the above cited cases, appellant could not have been found guilty of delivery or possession with intent to deliver even if the crime had been completed. In *Wilson* and *Cauto* the focus was on the solicitee; here the focus is not on the object of the solicitation but on the solicitor himself. Section 904 provides appellant with a complete defense to the charge; therefore, it was error for appellant to be charged with solicitation to deliver a controlled substance.

We are confident that the legislature intended this result in enacting §§ 902 and 904. While there is little legislative history regarding these statutes,[2] the language was taken verbatim from the Model Penal Code. In their comments to the Code, the drafters discussed the definition of "crimes as to

1. Our holdings in *Wilson* and *Cauto* are further supported by § 904(a), which provides that it is immaterial to the liability of the person who solicits that the person solicited cannot commit the crime.

2. The solicitation statute was part of the wholesale enactment of the Crimes Code in 1972. Commentary by the legislators was limited and did not address each particular statutory provision. Solicitation was not discussed.

which more than one person is inevitably incident" and included therein "unlawful intercourse, bribery, or unlawful sales." *See* Model Penal Code § 5.04 note on immunity as an accomplice (Tent.Draft No. 10 1960). The drafters further stated: "[The section] goes no further than to provide that a person who may not be convicted of the substantive offense under the complicity provision may not be convicted of the inchoate crime under the conspiracy and solicitation sections." *Id. See also* 2 Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law,* § 6.1 at 14 (1986) ("For example, if A solicited B to commit the crime with A, and the nature of the crime is such that A's participation is inevitably incident to its commission, then it may be concluded that the legislature—by defining the offense solely in terms of one of the two necessary parties' participation—did not intend to impose liability on a person in A's position.").

Because appellant could not be convicted of delivery of a controlled substance or possession with intent to deliver a controlled substance, he should not have been charged with solicitation to commit that offense. Section 904 explicitly prohibits such a charge.

Judgment of sentence vacated. Jurisdiction relinquished.