J-S24010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD B. SMITH | : | |
| | : | |
| Appellant | : | No. 4083 EDA 2017 |

Appeal from the Judgment of Sentence November 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002870-2016

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                     **FILED MAY 14, 2019**

Ronald B. Smith appeals from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he was found guilty, following a bench trial, of solicitation to commit involuntary deviate sexual intercourse (IDSI) with a child,[1] unlawful contact with a minor,[2] corruption of minors (defendant >18 years of age),[3] and indecent assault (victim <13 years of age).[4]  After careful review, we affirm based upon the trial court's Pa.R.A.P. 1925(a) opinion.

Smith, the former boyfriend of the victim's mother, allegedly sexually abused the victim in 2014 and 2015, when she was eleven and twelve years

---

[1] 18 Pa.C.S. § 902(a); 18 Pa.C.S. § 3123(a)(1).

[2] 18 Pa.C.S. § 6318(a)(1).

[3] 18 Pa.C.S. § 6301(a)(1)(ii).

[4] 18 Pa.C.S. § 3126(a)(7).

---

* Former Justice specially assigned to the Superior Court.

old. The victim lived with her mother, younger sister, older brother, aunt and uncle at the time of the abuse. The victim testified that Smith would inappropriately touch her thigh and buttocks over her clothes, grind on top of her when they were both clothed, offer her money "if [she] would let [him] eat her out," and send her hundreds of text messages over multiple months. Some of Smith's text messages to the victim expressed that he thought she was sexy and also indicated that he wanted to engage in oral sex with the victim.[5] When one of the victim's classmates saw the graphic texts sent to her by Smith, she reported the incident to a teacher who then escalated the situation to the principal of the victim's school. Eventually the victim's mother was involved in the matter; the mother called the police and took the victim to the hospital to be medically evaluated.

Smith was arrested on December 18, 2017; Detective William Brophy took Smith's written statement in which he admitted to sending the inappropriate text messages to the victim. On January 27, 2017, Smith proceeded to a non-jury trial before the Honorable Diana L. Anhalt. The victim, the victim's mother, and Detective Brophy testified for the prosecution. Smith took the stand in his own defense, testifying that he never touched the victim, never sent the alleged inappropriate text messages to the victim, and that Detective Brophy took his statement, without first **Mirandizing**[6] Smith,

---

[5] Specifically, and quite graphically, the texts stated that Smith "wanna [sic] lick that pussy."

[6] **Miranda v. Arizona**, 384 U.S. 436 (1966).

and told Smith that if he did not sign the statement implicating him in the crimes, the victim and her younger siblings were going to be taken away from their mother and the victim's mother would be arrested.  N.T. Non-Jury Trial, 1/27/17, at 113-114, 120-121.  Following trial, the court found Smith guilty of the aforementioned charges.  The court sentenced Smith to 25-50 years' incarceration[7] for the solicitation charge, two concurrent terms of 2½-5 years in prison for the unlawful contact and corruption charges, and a concurrent sentence of 1-2 years' incarceration for indecent assault.[8]  Smith did not file any post-sentence motions.

---

[7] Although the solicitation charge was graded as a first-degree felony, which carries a maximum sentence of 20 years' imprisonment, *see* 18 Pa.C.S. § 1103(1), because Smith had been convicted in 1999 of aggravated indecent assault with a child less than 16 years of age, the instant offense  was considered a "second strike" for which the mandatory minimum is 25-50 years of state incarceration.  *See* N.T. Sentencing, 11/17/17, at 5-6; *see also* 42 Pa.C.S. § 9718.2(a)(1) (mandatory sentence for repeat sexual offenders).

[8] Smith also received credit for time served and was notified that he would be required to comply, as a Tier III offender, with sexual offender reporting requirements under Pennsylvania's Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.42.  Because Smith's reporting requirement was not based on a finding that he was a sexually violent predator and because the acts occurred after SONRA became effective in 2012, it does not raise *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), concerns.

On December 18, 2018,[9] Smith filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Smith presents the following issues for our review:

(1) Whether the evidence at trial was sufficient to convict [Smith] for solicitation to commit involuntary deviate sexual intercourse when all that was presented was a couple of text messages from [Smith] to the complainant.

(2) Whether the evidence of these text messages was so contrary to the verdict of solicitation that it would shock the [sic] sense of justice.

Appellant's Brief, at 5.

Smith asserts that the text messages he sent to the victim do not amount to proof, beyond a reasonable doubt, that he acted to solicit IDSI from the victim. Rather, he claims that the messages were "merely expressions of desire, but not commandments, encouragements, or requests to commit this act." Appellant's Brief, at 9.

The standard for reviewing a challenge to the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. ***Commonwealth v. Vetrini***, 734 A.3d 404 (Pa. Super. 1999).

The crime of solicitation requires proof that a person "commands, encourages or requests" another person engage in specific conduct "which

_____

[9] Because the 30th day following sentencing fell on a Sunday, Smith had until Monday, December 18, 2018, to file a timely notice of appeal. ***See*** Pa.R.C.P. 106 (computation of time).

- 4 -

would constitute such crime or an attempt to commit such crime or would establish his complicity in its commission or attempted commission," and that he do so with the intent to promote or facilitate the commission of that crime. 18 Pa.C.S. § 902(a). Here, Smith was convicted of soliciting IDSI (victim <13 years of age), a first-degree felony. In order to prove IDSI (<13), the Commonwealth must show that:

> [T]he defendant engaged in oral or anal intercourse with a victim through forcible compulsion, the threat of forcible compulsion or where the victim was under the age of thirteen.

18 Pa.C.S. § 3126. **See also** 18 Pa.C.S. § 3123(b) ("person commits involuntary deviate sexual intercourse with a child . . . when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age.").

The evidence establishes that Smith requested that the victim allow him to perform oral sex upon her, once even offering her $70.00 in return for her compliance. As the trial court notes in its Pa.R.A.P. 1925(a) opinion, the sexual content of Smith's text messages, combined with his explicit offer of money to the victim for oral sex, his inappropriate physical touching of the victim over several years, his own statement to the police that he sent the victim "very inappropriate" texts and that several of those texts "solicit[ed] her to do certain sex acts with [him] such as oral sex and even intercourse"[10]

_____

[10] **See** Investigation Interview Record of Ronald Smith, 12/18/15, at 2; **see also** N.T. Non-Jury Trial, 1/27/17, at 101-103 (Detective Brophy testifying about interview with Smith and Smith's written statement acknowledging he

establish, beyond a reasonable doubt his solicitation to commit IDSI with a child less than 13 years of age. *See Commonwealth v. Morales*, 601 A.2d 1263 (Pa. Super. 1992) (en banc).[11] We rely upon the well-written opinion, authored by Judge Anhalt, to affirm Smith's judgment of sentence. We instruct the parties to attach a copy of Judge Anhalt's August 21, 2018, decision in the event of further proceedings in the matter.[12]

Judgment of sentence affirmed.

---

sent "very inappropriate" text messages to victim and solicited her for sex *via* text messages).

[11] Smith argues that the trial court's reliance upon *Morales* is misplaced where the defendant in that case asked the victim if he wanted a "blow job," compared to the instant case where Smith never requested the victim commit deviate sexual intercourse but "merely stated his desire without anything more." Appellant's Brief, at 10. We disagree. As stated above, when we view all the evidence admitted at trial in the light most favorable to Commonwealth, as the verdict winner, it is evident that Smith's communications were meant to induce or encourage the victim to participate in IDSI with him.

[12] Smith has waived his second issue on appeal that challenges the weight of the evidence. A claim that the verdict is against the weight of the evidence must be raised in the first instance before the trial court. Smith has failed to present the claim in either an oral or written motion before the trial court. *See* Pa.R.Crim.P. 607(A). Moreover, even though Judge Anhalt addressed Smith's weight issue in her Rule 1925(a) opinion, we are compelled to find the issue waived. *Commonwealth v. Washington*, 825 A.2d 1264 (Pa. Super. 2003) (where weight issue raised for first time in appellate brief, claim still waived even though trial court addressed issue in Rule 1925(a) opinion); *Commonwealth v. Causey*, 833 A.2d 165 (Pa. Super. 2003) (where weight issue raised for first time in Rule 1925(b) statement and court addressed issue in its Rule 1925(a) opinion, claim still not reviewable on appeal). Finally, Smith abandons the issue in his appellate brief, neither addressing it in the summary of the argument section nor the argument section.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/19

Circulated 04/25/2019 01:43 PM

**FILED**

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

2018 AUG 21 PM 3:01 **FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

**CRIMINAL TRIAL DIVISION**

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA

**COMMONWEALTH OF PENNSYLVANIA** : **CP-51-CR-0002870-2016**

CP-51-CR-0002870-2016 Comm. v. Smith, Ronald B.
Opinion

v.

8152775751

: **4083 EDA 2017**

**RONALD B. SMITH** :

## OPINION

**ANHALT, J.** **August 21, 2018**

### OVERVIEW AND PROCEDURAL HISTORY

Ronald Smith (hereinafter "Appellant") was arrested on December 18, 2015. He was charged with Attempted Rape of a Child under 18 Pa. C.S.A. §901(a); Solicitation of Rape of a Child under 18 Pa. C.S.A. §902(a); Solicitation of Involuntary Deviate Sexual Intercourse (hereinafter "IDSI") with a Child 18 Pa. C.S.A. § 902(a); Unlawful Contact with a Minor for Sexual Offenses under 18 Pa. C.S.A. §6318(a)(1); Solicitation of Statutory Sexual Assault of an Eight to Eleven year old under 18 Pa. C.S.A. §902(a); Corruption of Minors where the Defendant is above Eighteen under 18 Pa. C.S.A. §6301(a)(1)(ii); Indecent Assault of a Person less than Thirteen under 18 Pa. C.S.A. §3126(a)(7); Harassment for Lewd or Threatening Language under 18 Pa. C.S.A. §2709(a)(4); and Indecent Exposure under 18 Pa. C.S.A. §3127(a).

On November 17, 2017, after a bench trial, the Court found Appellant guilty of Solicitation of IDSI with a Child, Unlawful Contact with a Minor, Corruption of Minors where the Defendant is above Eighteen, and Indecent Assault of a Person less than Thirteen. The Court

1

sentenced Appellant to an aggregate of twenty-five to fifty years state incarceration with credit for time served as well as statutorily mandated SORNA conditions.

Appellant filed a timely notice of appeal on December 18, 2017. A statement of matters complained of on appeal was filed on June 14, 2018. Appellant raises the following issues on appeal:

1.   Whether sufficient evidence was presented to prove Solicitation to Commit IDSI with a Child.

2.   Whether the weight of the evidence presented supported a guilty verdict of the Solicitation to commit IDSI charge.

## FACTS

When the Appellant's criminal conduct began, M.W was twelve, and lived with her mother, younger sister, older brother, uncle, and aunt. Notes of Testimony ("N.T."), 01/27/17 at 15. She had an older sister who did not live in the home; her father passed away when she was eight years old. Id. at 16.

Her mother started dating Appellant when M.W. was eight. Id. Appellant was incarcerated for three of the five years her mother and Appellant were together. Id. at 71. M.W. and Appellant spent time together when he was around – playing video games, watching television, and playing cards, among other things. Id. at 18. She initially enjoyed spending time with Appellant. Id.

When M.W. was twelve years old, Appellant began touching her inappropriately. Id. at 19. One instance occurred while the two played video games in M.W.'s bedroom. Id. Appellant reached over and started stroking her leg, moving his hand from the top of her thigh, then down to her knee, and back up. Id. at 23. She was wearing shorts so her legs were partially exposed. Id.

2

at 24. He did not say anything while he was touching M.W., and she did not tell an adult afterwards. Id.

Another instance occurred after M.W. left the shower, again at age twelve. Id. at 27. She put on shorts and a shirt after showering and went to her mother's bedroom to apply lotion. Id. Upon entering the bedroom, Appellant pushed M.W. onto her mother's bed. Id. at 28. Appellant climbed on top of her and started "rubbing" and "grinding" his pelvic area against hers. Id. at 58. M.W. eventually told him to get off of her, and he did. Id. at 31. After this incident, M.W. went downstairs but did not yet tell her mother or any other adult what had happened. Id.

Another incident occurred outside of her house, while M.W. was twelve. Id. at 32. Appellant placed his hand on her butt for a few seconds, over her jeans, while walking around the neighborhood together. Id. at 33. He then told her he would give her money if she "let [him] eat [her] out". Id. M.W. repeatedly said "no." Id.

Additionally, Appellant repeatedly called and texted M.W. when she was twelve. Id. at 35. Trial counsel stipulated that Appellant's phone records showed that he contacted M.W.'s phone 358 times between August 1, 2015 and November 20, 2015. Id. at 108-109, Commonwealth Exhibit C-4. M.W. testified that although not all of the messages were vulgar, Appellant sent her "nasty" and "freaky" text messages over the course of several months. N.T. at 36. One text message read, "I want to lick that pussy" with a cat emoji. Commonwealth Exhibit C-1. Other text messages from the Appellant read "U are thick" followed by "I want to really do it." Id.

M.W. testified that her brother "found something out" and told their older sister. N.T. at 60. M.W.'s sister then told their mother about the inappropriate texts from Appellant and that he was looking at M.W.'s butt. Id. at 36. M.W.'s mother did not call the police or reach out for any

3

help upon learning this information. Id. at 46. She continued to date Appellant and he continued to come over to the house. Id.

In November 2015, M.W. told her seventh grade teacher, Ms. Leader, about the text messages. Id. at 42. While at school, M.W.'s friend Rebecca had her phone and saw a "freaky" text message from Appellant pop up on the screen. Id. at 43. The friend told Ms. Leader there was "some man that's texting [M.W.] some freaky stuff." Id. at 45. Ms. Leader then called the principal. Id. at 44. The principal called M.W. down to the office, where M.W. showed her the phone. Id. at 45. The principal then called M.W.'s mother to school and showed her some of the text messages, including one that said, "I want to lick that pussy." Id. at 78-80. M.W.'s mother was "horrified" when she saw those messages, and after that she took M.W. to the police station and St. Christopher's hospital. Id.

At the hospital, doctors gave M.W. various tests and discussed with her what had happened. Id. at 48. A few weeks later, M.W. had a follow-up with Dr. Maureen McColgan at the Child Protection Program. Id. at 109. There, M.W. had a normal exam and told Dr. McColgan she had been inappropriately touched by her mother's boyfriend. Id.

After receiving the report, Detective William Brophy of the Special Victims Unit (SVU) set up a forensic interview at Philadelphia Children's Alliance. Id. at 90. Detective Brophy testified that during that interview, M.W. showed the interviewer several alarming text messages on her phone, and the detective heard the interviewer read the messages aloud. Id. at 90. Appellant was arrested on December 18, 2015; he was given his Miranda Warnings, which he waived. Id. Appellant initially told Detective Brophy that M.W. asked him to send her the text messages. Id. at 106. However, in his official statement to Detective Brophy, Appellant admitted

4

that he sent a lot of "very inappropriate" text messages to M.W. from his cell phone and that he solicited her for sex via text message. Id. at 102-103.

At trial, Appellant testified that M.W. was like a daughter to him and that he never touched her. Id. at 112. Furthermore, he testified that the number sending those text messages was not his, even though M.W. and her mother both identified that phone number as belonging to him. Id. at 38, 78, 113. Appellant claimed he had given false information in his signed statement because Detective Brophy threatened to remove the kids and arrest M.W.'s mother. Id. at 114. He further contended that M.W.'s aunt, brother, and older sister convinced M.W. to lie about the situation. Id. at 118.

The Court found the testimony of M.W., her mother, and Detective William Brophy all to be credible. Appellant's testimony about the salient facts was not credible.

## DISCUSSION

### I.   SUFFICIENCY OF THE EVIDENCE

The evidence was sufficient as a matter of law to support Appellant's conviction of Solicitation to Commit IDSI with a Child. When reviewing a sufficiency of the evidence challenge, the well-settled standard is "whether the evidence, viewed in the light most favorable to the Commonwealth, is sufficient to enable the fact-finder to establish every element of the crime beyond a reasonable doubt." *Com. v. Williams*, 586 Pa. 553, 896 A.2d 523, 535 (2006). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Com. v. Brewer*, 2005 PA Super 207, 876 A.2d 1029, 1032 (2005). The Commonwealth

5

is not required to show guilt by a "mathematical certainty" and may sustain its burden by presenting solely circumstantial evidence. *Com. v. Norley*, 2012 PA Super 224, 55 A.3d 526, 531 (2012). "The finder of fact, while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence." *Com. v. Brooks*, 2010 PA Super 185, 7 A.3d 852, 856–57 (2010).

A person is guilty of solicitation to commit a crime if, with the intent of promoting or facilitating its commission, he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission. 18 Pa. C.S.A. §902(A). A person commits IDSI with a Child, a felony of the first degree, when he engages in deviate sexual intercourse with a complainant who is less than thirteen years of age. 18 Pa. C.S.A. §3123(b). "Deviate sexual intercourse" in relevant part is defined as sexual intercourse *per os* or *per anus* between human beings. 18 Pa. C.S.A. §3101.

The evidence here, when viewed in the light most favorable to the Commonwealth, sufficiently established Solicitation to commit IDSI with a Child. Appellant's text messages stating "I want to lick that pussy," and "I want to really do it," show Appellant requesting that she engage in sexual intercourse *per os* when she was twelve years old. Appellant's admission that he sent a lot of "very inappropriate" text messages to M.W., and that he in fact solicited her for sex via text message, combined with his inappropriate physical touching, and the reaction of everyone who saw the text messages, make it clear that "pussy" meant vagina in this context.

In addition, saying "I want to" can constitute a "request" for purpose of solicitation to commit a crime. *Com. v. Morales*, 411 Pa. Super. 471, 601 A.2d 1263 (1992). These text messages demonstrate Appellant's intent to encourage M.W. to engage in sexual conduct that

would constitute deviate sexual intercourse. So does the fact that Appellant offered to give her money to perform oral sex on her. N.T. at 33. M.W. was born on June 29, 2003. She testified that these incidents took place when she was eleven and twelve. Id. at 19-35. In addition, Appellant sent hundreds of text messages to M.W. in 2015, when she was twelve years old. Thus, the evidence sufficiently supports each element necessary for the conviction of Solicitation to Commit IDSI with a Child.

## II.    WEIGHT OF THE EVIDENCE

Appellant's conviction of Solicitation to Commit IDSI with a Child was not against the weight of the evidence. The weight of the evidence is exclusively for the fact finder to determine. The fact finder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Com. v. Johnson*, 542 Pa. 384, 668 A.2d 97, 101 (1995). A judge who saw and heard the witnesses and had the opportunity to observe their demeanor may properly author an opinion in support of an order based solely upon the issue of credibility. *Com. v. Yogel*, 307 Pa. Super. 241, 453 A.2d 15, 16 (1982). The trial court's verdict may only be reversed if it is so contrary to the evidence as to shock one's sense of justice. *Com. v. Hawkins*, 549 Pa. 352, 701 A.2d 492, 500 (1997). The standard to review the weight of the evidence claim is summarized as follows:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

7

*Com. v. Brown*, 538 Pa. 410, 648 A.2d 1177, 1189 (1994).

Far from shocking one's sense of justice, the evidence reliably demonstrated Appellant's criminal conduct. The Court presided over the trial, saw and heard the witnesses, and had the opportunity to observe their demeanor. The testimony of the three main Commonwealth witnesses was consistent and credible. In particular, the testimony of M.W. was detailed and compelling. The Commonwealth testimony was supported by evidence that Appellant sent M.W. hundreds of text messages when she was twelve, and that at least several of those messages consisted of language that requested M.W. to engage in deviate sexual intercourse with him. The text messages were so inappropriate that M.W.'s teacher alerted the principal to the situation, the principal alerted M.W.'s mother, and the mother took M.W. to the police and the hospital. In his statement to Detective Brophy, Appellant admitted that he sent a lot of "very inappropriate" text messages and that he solicited her for sex via text message. N.T. at 102-103.

In contrast, the Court found Appellant's testimony to be self-serving and false. At trial, he claimed he sent the messages to M.W. at her request, and that he admitted his behavior to Detective Brophy because the Detective threatened to have M.W. and her sister taken from their mother if Appellant didn't sign the incriminating statement. The evidence presented at trial that Appellant touched M.W. inappropriately, sent her hundreds of text messages, some of which he admitted were very inappropriate, some of which solicited sex from her, outweighs Appellant's incredible explanations.

Appellant argues that the evidence showed he touched M.W. but never sexually penetrated her body or displayed his genitalia to her. That is beside the point: the conviction was for Solicitation, not a completed act of intercourse. In other words, a person need only have the intent of promoting of facilitating a crime's commission to be guilty of solicitation to commit a

8

crime. 18 Pa. C.S.A. §902(a). Based on Appellant's own statement to Detective Brophy on December 18, 2015, he was soliciting M.W. for sex via text message. This is the necessary intent for solicitation to commit IDSI with a Child.

Appellant also argues that the weight of the evidence did not prove that the words sent in text messages were expressed with the intent of promoting or facilitating the commission of IDSI. Here too, he is mistaken. The defendant's actions of physically touching M.W. in conjunction with the texts messages, show his escalation efforts to follow through on his intentions of wanting to have sexual contact with a minor. Given the number of messages Appellant sent to a 12-year-old child, her credible testimony of other inappropriate interactions with him, and his lack of a credible explanation for any of the above, the Court was eminently reasonable in giving more weight to the credible testimony of M.W., her mother, and Detective Brophy, than Appellant's unsupported and incredible denial of criminal conduct.

## CONCLUSION

Given the applicable statutes, testimony, and case law, the sufficiency and weight of the evidence supported Appellant's conviction of Solicitation to commit IDSI. Accordingly, the Court's decision should be affirmed.

BY THE COURT:

*Diana L. Anhalt*

DIANA L. ANHALT, J.

DATE: August 21, 2018

9

**PROOF OF SERVICE**

I hereby certify that on the date set forth below, I caused an original copy of the Judicial Opinion to be served upon the persons at following locations, which service satisfies the requirements of Pa.R.A.P. 122:

Benjamin B. Cooper
The Cooper Law Firm
The Penthouse
1500 Walnut Street, 22nd Fl
Philadelphia, PA 19102


Appeals Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107


Ronald Smith
DZ9069
SCI-Dallas
1000 Follies Rd
Dallas, PA 18612

By: _____
Julie Owsik Ackerman, Esq.
Law Clerk to the Honorable Diana L. Anhalt


Date:    August 22, 2018

10